UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONNA JEAN PARKER,

        Plaintiff,                                 Civil Action No.:
                                                        1:16-cv-00440-RWS

   - against -

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.                           **NOTICE OF MOTION**

------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that upon all the prior proceedings filed and the attached Affirmation, Memorandum, and Exhibits the undersigned moves this Court before the Honorable Robert W. Sweet, United States District Judge, Southern District of New York, on submission, for an Order awarding attorney's fees under 42 U.S.C. § 406(b)(1).

Dated: August 21, 2018

                                                                     By:    /s/ Charles E. Binder
                                                                           CHARLES E. BINDER
                                                                            LAW OFFICE OF CHARLES E. BINDER
                                                                            AND HARRY J. BINDER, LLP
                                                                            Attorneys for Plaintiff
                                                                            485 Madison Avenue, Suite 501
                                                                            New York, NY 10022
                                                                            Phone: (212) 677-6801
                                                                            Fax: (646) 273-2196
                                                                            Email: fedcourt@binderlawfirm.com

To:    Kathryn Sara Pollack
        United States Attorney's Office

MEMO ENDORSED:

The motion is granted.  Plaintiff seeks $28,626.75 in attorney's fees, which represents 25% of the retroactive benefits awarded to Plaintiff.  (Pltf. Br. (Dkt. No. 16) at 3)  Defendant does not dispute that counsel is entitled to $28,626.75 as a contingency award under the applicable retainer agreement.  (Def. Opp. (Dkt. No. 18) at 2)  Defendant also acknowledges that 42 U.S.C. § 406 authorizes counsel to recover reasonable fees up to "'25 percent of the total of the past-due benefits.'"  (Id. at 1-2 (quoting 42 U.S.C. § 406(b))  Defendant objects to the award solely because it would yield an effective hourly rate of $1,048.59 ($28,626.75 divided by 27.3 hours) and would therefore be a "windfall" to counsel.  (Id. at 2-3) see Muniz v. Astrue, No. 09-CV-3954 ARR, 2011 WL 5563506, at *2 (E.D.N.Y. Nov. 15, 2011) ("In considering whether a downward adjustment is appropriate, courts should consider . . . whether the fee results in a windfall to counsel.") (internal quotation marks omitted).

Courts in this District, however, have repeatedly upheld fee awards that yield comparable effective hourly rates.  See, e.g., Mann v. Comm'r of Soc. Sec., No. 17 Civ. 2306 (GBD) (KNF), 2019 WL 8358980, at *1 (S.D.N.Y. Oct. 23, 2019), report and recommendation adopted, 2020 WL 1673812 (S.D.N.Y. Apr. 6, 2020) (granting motion for attorney's fees in Social Security case that resulted in a de facto hourly rate of $1,103.97); Bate v. Berryhill, No. 18-CV-1229 (ER), 2020 WL 728784, at *2–3 (S.D.N.Y. Feb. 13, 2020) ($1,506.32); Baron v. Astrue, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (collecting cases awarding between $1,072.17 and $2,100.00 per hour).

Though the de facto hourly rate is high, this "number is the product of competent and efficient advocacy, which should not be held against counsel in their request for fees."  Valle v. Colvin, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (approving effective hourly rate of $1,079.72) (citing Maier v. Apfel, No. 95 Civ. 9264, 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998) ("[P]laintiff's counsel should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity.")).  Further, the award sought "appropriately accounts for the risk of taking on a contingency case."  Ibbetson v. Saul, No. 14 Civ. 7824 (KMK) (JCM), 2019 WL 3208432, at *3 (S.D.N.Y. June 25, 2019), report and recommendation adopted, 2019 WL 3202998 (S.D.N.Y. July 16, 2019); see also Valle, 2019 WL 2118841, at *3 (quoting Baron, 311 F. Supp. 3d at 637); see also Rodriguez v. Colvin, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("[A] reduction in the agreed-upon contingency amount should not be made lightly, . . . particularly given the importance of encouraging attorneys to accept social security cases on a contingency basis.") (internal quotation marks omitted).

The motion (Dkt. No. 14) is granted.  The Clerk of Court is directed to close the case.

SO ORDERED.

*Paul S. Sandeste* (signature)

Dated: July 30, 2020